## Essex Company *vs.* County Commissioners of Essex.

An action of tort against the Essex Company for building their dam within the limits mentioned in their charter (*St.* 1845, *c.* 163,) and thereby flowing the plaintiff's land, is an action in which the right of the corporation to construct their dam is so drawn in question, that if the action is commenced within one year after the location of the dam, any person damaged in his property by the flowing of his lands by the dam may, by virtue of the Rev. Sts. *c.* 39, § 59, and *St.* 1845, *c.* 163, § 8, apply for damages at any time within one year after the determination of such action upon the merits; although he had previously, before the dam was finished, brought a suit in equity to restrain the building of the dam, on the ground that it would be a nuisance, which suit was dis-missed by the court.

This case was argued and decided at November term 1855.

SHAW, C. J. This is a petition for a *certiorari* to set aside the proceedings of the county commissioners for this county, whereby they awarded to Nathan W. Hazen, Esq., damages for injury to his land, mill and mill privilege, caused by the build-ing of the dam of the Essex Company in Lawrence, by which the water of Merrimac River was raised and set back upon

Hazen's land and mill stream. The formal proceedings were somewhat long and complicated, but we think the question will be rendered intelligible by a brief statement.

The Essex Company, by *St.* 1845, *c.* 163, were incorporated and authorized to build a dam across Merrimac River, with locks and canals, for the purpose of creating a water power for manufacturing purposes, and to remove obstructions and improve the navigation in said river. The authority conferred was, to build and maintain said dam, at Deer Jump Falls, or Bodwell's Falls, or at any point in the river between them. By § 8 it was provided that any person sustaining damage in his property by said corporation in making canals through his land, or by flowing the same, or in any other way under the charter, unless the corporation should, within thirty days after request in writing, pay or tender a reasonable satisfaction therefor, should have the same remedies as are provided by law for persons damaged by railroad corporations in the Rev. Sts. *c.* 39. By § 10 the company were prohibited from flowing the water of the river higher up than the foot of Hunt's Falls, and provision was made for the appointment of commissioners to ascertain and fix the foot of Hunt's Falls and mark that point by fixed monuments, and also fix the height of the dam and flash boards to be used thereon.

It appears that Hazen was the owner of land, on which was a mill and a mill stream, being a small tributary to the Merrimac, on the southerly side, a short distance above the site at which the location of the dam was fixed, within the limits expressed in the act of incorporation, which mill stream was wholly flowed by the raising of the head of water by the dam, and the mill privilege thereon wholly destroyed.

The application to the commissioners by Hazen, the complainant, for the assessment of damages, was made in May 1854. The railroad law, Rev. Sts. *c.* 39, §§ 58, 59, having been referred to by the charter, as the law governing the remedy for the recovery of damages, under this act of incorporation, we are there to look for the rules affecting the rights of the parties in the present case. Referring to those provisions, the company object to the right of the complainant to have any damage

assessed, because his application was not made within three years from the time when his land was taken. *Call* v. *County Commissioners*, 2 Gray, 232.

Some question is made as to the precise time in the present case, at which the term of three years shall commence—there being no actual taking of the land. By the act of incorporation, as we have seen, a provision is made for the appointment of commissioners, to fix the place which should be considered the foot of Hunt's Falls, and the height of the dam ; and till that was done and the award of the commissioners returned, it could not be known to what height the land would be flowed, and therefore, within the equity of the statute, such award must be considered the time of the taking. But in order to compute the three years' limitation, it is not necessary to fix-this exact time, because whether fixed in August 1848, when the height was so determined by the commissioners, or in the following autumn, when the dam was completed, or even later, the filing of this application was not within three years.

But the complainant relies upon another answer to the objection of the statute of limitations. It is provided in the Rev. Sts. *c.* 39, § 58, that no application to commissioners to estimate damages shall, except as provided in the following section, be sustained unless made within three years from the time of taking. By § 59 it is provided, that when suits are pending or shall hereafter be brought, wherein the right of any railroad corporation to lay out their railroad on any particular location is or shall be drawn in question, the time limited as aforesaid shall be extended to one year after the determination of such suit on its merits, provided such suit be brought within one year from the taking.

It appears that in December 1845, soon after the commencement of their works by the Essex Company, Hazen filed a bill in equity, on the ground that the proposed dam, when built, would be a nuisance, and praying an injunction. At December term 1846 this bill was dismissed with costs to the respondents. The court are of opinion that this was not decisive of the rights of the company upon the merits ; it shows only that the court de-

clined to interfere by the extraordinary remedy in equity, to pro-
hibit the building of the dam, and did not prevent another suit
being brought, when the dam was made, and the nuisance, if a
nuisance to the rights of the plaintiffs it was, actually done.

But in July 1849, which was within a year after the time
when the commissioners made their return, Hazen commenced
an action at common law against the Essex Company for build-
ing a dam within the limits mentioned in their charter, and
thereby flowing the waters of the river back upon said Hazen's
mill. To that declaration, the defendants demurred generally.
That action, being brought within one year from the time the
commissioners made their award, was, we think, within one year
of the taking, according to the true meaning of the statute. Till
that was fixed, the extent to which said Hazen's mill, mill privi-
lege and land would be bound, could not be ascertained ; and
such charge on his land is in effect the taking ; there being no
actual entering upon and taking possession of the complainant's
land, as in the common case of railroads. That case was decided
in this court at November term 1853, within one year before this
application to the commissioners.

Then the only remaining question is, whether in that suit the
right of the Essex Company to construct their dam on any par-
ticular location was drawn in question, according to the true
meaning of the statute. Upon this point, the court are of opin-
ion, that the right of the company to erect their dam in that
particular location was drawn in question, as well as their right
to erect and maintain such dam anywhere on the Merrimac
River.

The charter did not fix the precise location, but authorized
the company to place their dam at Deer Jump Falls, or Bod-
well's Falls, or any point between. We know not the distance,
but it was enough to allow some room for selection.

One of the arguments for the Essex Company was, that the
dam might have been so placed, within the prescribed limits, as
not to flow said Hazen's mill, that is, we presume, above the
outlet of his mill stream.

But the entire right of the Essex Company to place such dam

there was drawn in question, in the action at law, 1st, by maintaining that the charter did not warrant it, or 2d, if it did, it exceeded the authority of the legislature, and was unconstitutional and void.

The court are therefore of opinion that the right of the complainant to apply to the commissioners to assess his damages, was not barred by the three years' limitation, and that the decision of the commissioners, assessing damages for the applicant, be affirmed.                                                    *Writ refused.*

*C. G. Loring & E. Merwin,* for the petitioners.

*O. P. Lord,* for the respondents.